UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**10 CIV 4630**

--------------------------------------------------------x

F.W. DEVITO INC. RETIREMENT PLAN
TRUST, on behalf of itself and
all others similarly situated,

                      Plaintiff,

      - against-

MOORE CAPITAL MANAGEMENT, L.P.,
MOORE CAPITAL ADVISORS, LLC,
MOORE ADVISORS LTD., CHRISTOPHER
PIA, and DOES 1-10,

                    Defendants.

--------------------------------------------------------X

Docket No.
10- _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 1 4 2010
U.S.D.C. S.D. N.Y.
CASHIERS

      F.W. DeVito Inc. Retirement Plan Trust, by and through its trustees Frederick and

Mary DeVito ("Plaintiff"), individually and on behalf of all others similarly situated,

by its undersigned attorneys, for its Complaint against the above-named defendants

("Defendants"), upon knowledge as to matters relating to itself and upon information and belief

as to all other matters, alleges as follows:

**SUMMARY OF ALLEGATIONS**

      1.     Defendants, through diverse unlawful means, manipulated, fixed and made

artificial the prices of palladium and platinum futures (hereinafter referred to as "Class Futures")

contracts traded on the New York Mercantile Exchange ("NYMEX"), as well as the prices of

physical palladium and platinum available for delivery thereunder (and conforming to NYMEX's

delivery requirements, together with Class Futures, hereinafter referred to as "Class

Commodities") in this District during the period of at least November 1, 2007 though May 31, 2008 (the "Class Period").

2.     During the Class Period Defendants engaged in a contract, combination or conspiracy in restraint of trade to cause artificial prices in Class Commodities.  In furtherance of their unlawful scheme, Defendants manipulated the settlement prices of palladium and platinum futures contracts traded on the NYMEX by engaging in a trading practice known as "banging the close."

3.     In furtherance of their scheme, the Defendants caused to be entered market-on-close ("MOC") buy orders that were executed in the last ten seconds of the closing period for NYMEX palladium and platinum contracts in an attempt to exert upward pressure on the settlement prices of the futures contracts and thus on the prices of Class Commodities.

4.     The Defendants' unlawful conspiracy and unlawful conduct created artificial prices in Class Commodities and damaged Plaintiff and other Class members as further alleged below.

## JURISDICTION AND VENUE

5.     Plaintiff brings this action to obtain injunctive relief and to recover damages, including treble damages, costs of suit and reasonable attorneys' fees, premised on Defendants' violation of the Sherman Act, 15 U.S.C. § 1.

6.     The Court has jurisdiction over the subject matter of this action pursuant to sections 4(a) and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337.  Venue is proper in this district pursuant to section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 1391(b), (c) and (d).  Each of the named Defendants has representatives, may be

found, and/or transacts business within this District within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22.

## PARTIES

7.      Plaintiff is a retirement plan trust that maintains its place of business at 5 Aly Sheba Lane, Stafford, Virginia.  Plaintiff purchased Class Commodities during the Class Period. Plaintiff was damaged by Defendants' unlawful contract, combination and conspiracy in restraint of trade as alleged herein.

8.      Defendant Moore Capital Management, LP ("MCM") is a multi-strategy investment management firm with headquarters at 1251 Avenue of the Americas, New York, New York.  During the Relevant Period, MCM and its affiliates managed several investment funds that invested in a wide variety of instruments, including but not limited to commodities, futures, and equities.  During the Relevant Period, MCM had approximately twenty-five portfolio managers trading an estimated $15,500,000,000 in assets under management. MCM is registered as a commodity trading advisor ("CTA") and is a principal of Defendant Moore Capital Advisors, LLC.  MCM is the successor in interest to Moore Capital Management, LLC, which also was a registered CTA.  Defendant Christopher Pia was an employee of Moore Capital Management, LLC.

9.      Defendant Moore Capital Advisors, LLC ("MCA") is a Delaware limited liability company and a registered commodity pool operator ("CPO") and CTA, with headquarters at the same address as MCM.  MCA, with defendant Moore Advisors Ltd., served as the co-general partner of the Moore Macro Fund,  LP and the Moore Global Fixed Income Master Fund, LP.

10.     Defendant Moore Advisors, Ltd. ("MA") is a Bahamian international company and is registered as a CPO.  MA, along with Defendant Moore Capital Advisors Ltd., served as the co-general partner of the Moore Macro Fund, LP and the Moore Global Fixed Income Master Fund, LP.

11.     Defendant Christopher Pia ("Pia") is a natural person residing in Greenwich, CT and is a former MCM employee.  During the Class Period, Pia personally invested assets of over $1 billion for MCM, MCA and MA as further alleged herein, including causing Defendants to engage in the manipulative trading alleged herein.

12.     Plaintiff alleges on information and belief that at all relevant times, Defendants Does 1-10, inclusive, were also engaged in the manipulative conspiracy as alleged herein. Plaintiff is presently unaware of the true names and identities of those Defendants sued herein as Does 1-10.  Any reference made to such Defendants by specific name or otherwise, individually or plural, is also a reference to the actions of Does 1-10, inclusive.  The acts alleged in this Complaint to have been committed by Defendants were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management of each of the Defendants' affairs.

## DEFINITION OF RELEVANT MARKET

13.     The relevant market herein is Class Commodities as defined above.  The relevant market includes:

a.     The market for NYMEX palladium and platinum futures contracts; and

b.      the market for physical palladium and platinum that conform to NYMEX's requirements for physical delivery in connection with NYMEX palladium and platinum futures contracts.

14.      With respect to palladium, the relevant market includes palladium futures and physical palladium that is at least 99.95% pure and consisting of ingots or plates weighing at least 10 ounces, each of which is incised with the lot or bar number, weight, grade, name or logo of the assayer, and symbol identifying the metal.

15.      With respect to platinum, the relevant market includes platinum futures and physical platinum that is at least 99.95% pure and consisting of ingots or plates weighing at least 10 ounces, each of which is incised with the lot or bar number, weight, grade, name or logo of the assayer, and symbol identifying the metal.

## CLASS ACTION ALLEGATIONS

16.      Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class consists of persons, other than Defendants, their employees, affiliates and co-conspirators, who transacted in Class Commodities during the period November 1, 2007 through May 31, 2008  (the "Class Period") at artificial prices and were damaged thereby.

17.      Thousands of transactions in physical platinum and palladium conforming to NYMEX delivery requirements, as well as transactions in platinum and palladium futures contracts, occurred during the Class Period,  The number of persons or entities who purchased and/or sold Class Commodities during the Class Period is in the thousands, and those persons or

5

entities are geographically dispersed. Therefore, joinder is impracticable pursuant to Federal Rule of Civil Procedure 23(a)(1).

18.     Common issues of fact or law predominate over individual issues within the meaning of Federal Rule of Civil Procedure 23(a)(2).

19.     Common issues of law and fact include but are not limited to:

(I)     whether the manipulative activities in connection with the contract, combination and conspiracy alleged herein existed;

(ii)     whether such unlawful activities had the result of creating artificial prices in Class Commodities; and, if so, to what extent prices were artificial;

(iii)     whether Defendants' conduct violated the antitrust laws; and

(iv)     the sum of damages.

20.     Plaintiff's interests are typical of, and not antagonistic to the interests of, the Class.

21.     Plaintiff has retained competent counsel experienced with class actions and complex litigation including litigation under the antitrust and commodities laws and intends to vigorously prosecute this action.

22.     Common issues predominate. A class action is superior to all other methods for the fair and efficient adjudication of this controversy. Indeed, a class action is the only method by which Plaintiff and the Class can efficiently seek redress and obtain a uniform adjudication of their claims. The size of individual damages is small in comparison to the complexity and scope of the Defendants' alleged manipulation and unlawful conduct.

23.     Class members' identities and their trades generally can be identified by members of the NYMEX clearing house and the futures brokers clearing through them and the records of dealers in physical platinum and palladium conforming to NYMEX delivery requirements (as well as the records of NYMEX concerning delivery made and taken).

24.     Plaintiff does not anticipate any difficulties in managing this action as a class action.

## DEFENDANTS' UNLAWFUL SCHEME
## CAUSES ARTIFICIAL PRICES IN CLASS COMMODITIES

25.     Palladium and platinum futures contracts are traded on the NYMEX.  During the Class Period, the majority of trades in NYMEX palladium and platinum futures contracts were executed on the electronic trading platform, GLOBEX, rather than on the floor.  The number of traders in the palladium and platinum pit on the NYMEX floor was, on average, fewer than ten on any given date.

26.     The settlement prices of both the NYMEX palladium and platinum futures contracts are calculated based on the volume-weighted average price of all transactions conducted both on the trading floor and on Globex, during the two-minute closing period for the contracts.  The closing period for trading palladium futures contracts is from 12:58 p.m. to 1:00 p.m., and the closing period for trading platinum futures contracts is from 1:03 p.m. to 1:05 p.m. Globex and the trading pit trade side-by-side through the close.  Trading continues on Globex after the close of trading in the pit.

27.     During the Class Period, trading in both NYMEX platinum and palladium futures contracts was relatively illiquid.  At relevant times, Defendants' trading in the contracts on the close, per Defendant Pia, frequently accounted for a significant portion of the volume.

28.     Defendants' trading strategy took advantage of key characteristics of these two futures markets, namely that they are thinly traded, illiquid, and utilize volume-weighted average settlement price calculations, to artificially inflate the daily settlement prices.

29.     During at least the Class Period, the Defendants engaged in a trading strategy to manipulate upward the settlement prices of the palladium and platinum futures contracts.  The platinum and palladium trades executed by the Defendants were placed by Defendant Pia in two Moore Capital investment funds, the Moore Macro Fund, LP and the Moore Global Fixed Income Fund, LP.  MCA and MA acted as the CPOs for these two funds and MCM was the trading advisor.

30.     During at least the Class Period, the Defendants either directly or though Moore Capital execution clerks, placed MOC buy orders in platinum and palladium futures contracts though an associated person (the "AP") of a futures commission merchant ("FCM").  The FCM then relayed the Defendants' orders to the floor through a NYMEX floor clerk.

31.     Defendants' MOC buy orders executed on the floor during the close generally ranged from 20 to 100 contracts, which were large orders for the relatively illiquid palladium and platinum markets. Typically, Defendants' orders constituted a significant percentage of the trading volume on the close.

32.     Defendants, per Pia or his execution clerk, routinely submitted MOC buy orders in platinum and platinum futures to the AP through Instant Messages ("IMs"), among other means.  Pia often placed MOC orders with the FCM's AP with directions indicating that he wanted to push the settlement prices artificially higher.

33.     To effectuate Defendants' manipulative scheme, the AP waited until the last ten seconds of the closing periods of platinum and palladium futures trading to place the Defendants' buy orders with the floor clerk, who worked in the NYMEX trading pit.

34.     Because of arbitrage between the physical or "spot" markets for palladium and platinum and the futures markets and other factors, Defendants' unlawful conduct that artificially inflated the prices of platinum and palladium futures also caused artificially inflated prices in the markets for physical platinum and palladium available for delivery.  As such, the prices of Class Commodities were affected by Defendants' unlawful scheme.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR PER SE PRICE FIXING

35.     Plaintiff repeats and realleges each and every allegation of this complaint as though fully set forth herein.

36.     Defendants have entered into an illegal contract, combination, or conspiracy in restraint of trade, the purpose and effect of which is to fix and maintain supracompetitive prices in the market for Class Commodities.  This contract, combination, and conspiracy is illegal *per se* under Section 1 of the Sherman Act, 15 U.S.C. § 1.

37.    Defendants' contract, combination, or conspiracy is comprised of Defendants' efforts and agreement to manipulate the prices of Class Futures during the Class Period.

38.    Defendants' contract, combination, or conspiracy has caused substantial anticompetitive effects in the market for Class Commodities.  It has done so by causing Plaintiff, and other purchasers of Class Commodities to pay artificial prices that are higher than what they would have paid in the absence of Defendants' illegal activity.

39.    As a result of these violations of Section 1 of the Sherman Act, Plaintiff and the putative Class have been injured in their business and property in an amount not presently known, but which is, at a minimum, hundreds of thousands of dollars, prior to trebling.

## AS AND FOR A SECOND CAUSE OF ACTION FOR DISGORGEMENT OF UNJUST ENRICHMENT

40.    Plaintiff repeats and realleges each and every allegation of this complaint as if fully set forth herein.

41.    As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff and the Class have been damaged and Defendants have been unjustly enriched.  Plaintiff and the Class should be compensated from sums disgorged from Defendants.  A constructive trust should be imposed on Defendants' unlawfully obtained profits.

## DEMAND FOR JURY TRIAL

42.    Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A.      Declare, adjudge, and decree that Defendants have committed the violations of federal law alleged herein;

B.      Permanently enjoin and restrain Defendants, their directors, officers, employees, agents, successors, and assigns from, in any manner, directly or indirectly, violating Section 1 of the Sherman Act, and/or of other statutes having a similar purpose and effect;

C.      Award damages sustained by Class members from Defendants' violations of Section 1 of the Sherman Act in an amount to be proven at trial, to be trebled according to law, plus interest (including prejudgment interest);

11

D.    Order disgorgement of Defendants' unjust enrichment and award the sums

disgorged to the Class as damages; and

E.    Grant such other and further relief as it shall deem just and proper.

Dated: New York, New York
      June 10, 2010

LAW OFFICE OF
CHRISTOPHER J. GRAY, P.C.

By: _____

Christopher J. Gray
460 Park Avenue, 21ST Floor
New York, NY 10022
(212) 838-3221
(212) 937-3139 (fax)
Chris@investorlawyers.net


DOYLE LOWTHER LLP
William J. Doyle, II
John A. Lowther
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
(619) 573-1700
(619) 573-1701
John@doylelowther.com


LOUIS F. BURKE, P.C.
Louis F. Burke
460 Park Avenue, 21ST Floor
New York, NY 10022
(212) 682-1700
(212) 808-4280
Lburke@lfblaw.com

*Attorneys for Plaintiff*

## CIVIL COVER SHEET

10 CIV 4630

JS 44C/SDNY
REV. 1/97
WEB 12/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUN 14 2010

---

**PLAINTIFFS**

F.W. DeVito Inc. Retirement Plan Trust, on behalf of itself and all others similarly situated

**DEFENDANTS**

Moore Capital Management, LP, et al. [see Attachment]

---

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**

Law Office of Christopher J. Gray, P.C.
460 Park Avenue, New York, NY 10022 (212) 838-3221

**ATTORNEYS (IF KNOWN)**

---

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Violation of Sherman Act, 15 U.S.C. Section 1

---

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed.  No [ ]  Yes [ ]   If yes, give date _____ & Case No. _____

---

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

**ACTIONS UNDER STATUTES**

| | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[X] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

---

Check if demanded in complaint:

[✓] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE  Hon. William H. Pauley III   DOCKET NUMBER 10-CV-3617

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES  [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

---

(SEE REVERSE)

| (PLACE AN *x* IN ONE BOX ONLY) | ORIGIN | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN *x* IN ONE BOX ONLY) | BASIS OF JURISDICTION | | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441) |
|---|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

5 Aly Sheba Lane, Stafford, Virginia (Stafford County)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

See Rider.

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

| DATE June 10, 2010 RECEIPT # | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT [ ] NO [x] YES (DATE ADMITTED Mo. _Aug._ Yr. _1998_ ) Attorney Bar Code # CG 0334 |
|---|---|---|

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## <u>ATTACHMENT</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

F.W. DEVITO INC. RETIREMENT PLAN          :
TRUST, on behalf of itself and            :
all others similarly situated,            :
                                          :          Docket No.
                                          :          10-_____
                                          :
                      Plaintiff,          :
                                          :
        - against-                        :
                                          :
MOORE CAPITAL MANAGEMENT, L.P.,           :
MOORE CAPITAL ADVISORS, LLC,              :
MOORE ADVISORS LTD., CHRISTOPHER          :
PIA, and DOES 1-10,                       :
                                          :
                      Defendants.         :
                                          :
--------------------------------------------------------------X

## STATEMENT OF RELATEDNESS

Plaintiff believes that this action is related to <u>Galen v. Moore Capital Management, LP, et al.</u>, No. 10-CV-3617 (WHP) (the "<u>Galen</u> action") because this action asserts claims against the same defendants as the <u>Galen</u> action (as well as an additional defendant) and arises out of the same alleged unlawful conduct by defendants and some of the same transactions and occurrences as the <u>Galen</u> action.

## **<u>RIDER</u>**

MOORE CAPITAL MANAGEMENT, L.P.,
1251 Avenue of the Americas
New York, New York 10020

MOORE CAPITAL ADVISORS, LLC
1251 Avenue of the Americas
New York, New York 10020

MOORE ADVISORS LTD.
1251 Avenue of the Americas
New York, New York 10020

CHRISTOPHER PIA
C/o Moore Capital Advisors LLC
1251 Avenue of the Americas
New York, New York 10020